**Sorber License**

*Franklin L. Gordon*, for appellant.

*W. Edward Bushong, Jr.,* for Commonwealth.

RILEY, J., August 28, 1969.—John Sorber has appealed a suspension of his license by the Secretary of Revenue for a period of 90 days under the point system. There are no disputed facts, and the issue involves a construction of the point system provisions, appellant contending that the suspension of 90 days was illegal.

Appellant's agreed record of violations is as follows:

1. A conviction October 11, 1967, for speeding 65 miles per hour in a 55-mile zone on September 29, 1967 and assigned 3 points.

2. A conviction November 8, 1967; too fast for conditions, and assigned 5 points.

3. Order to school and passed. Credit, 1 point.

4. A conviction October 17, 1968, for speeding September 17, 1968, 74 miles per hour in a 60-mile zone: 6 points.

5. Suspended 60 days effective January 7, 1969.

6. Suspension released February 28, 1969. Credit, 8 points.

7. A conviction February 16, 1968, speeding 72 miles per hour in 60 mile zone on January 16, 1968. Assigned February 16, 1968, 6 points.

8. Passed examination April 24, 1968.

9. Suspended 90 days, May 27, 1969.

10. Latter suspension appealed.

It is the Commonwealth's contention that at time of the suspension of May 27, 1969, appellant's record showed 11 points with a mandatory 90-day suspension required. Appellant's contention is that as of his first suspension effective January 7, 1969, there was, in fact, an accumulation of 19 points and not 11 as contended by the Commonwealth..

The legislature has provided under the point system (The Vehicle Code of April 29, 1959, P. L. 58, as amended January 24, 1966, P. L. (1965) 1497, 75 PS §619.1) that "When any person's point record shows an accumulation of eleven (11) points or more, the secretary shall suspend such person's operator's license or learner's permit." The same section provides that points shall be assigned as of the date of the violation. It is, of course, obvious that the secretary necessarily receives notice of the conviction sometime after the conviction. The point total is computed as of the dates of convictions and credits. While we have

the record of the department as to the date of assignment of points, that is the mandatory date of conviction regardless of when notice is received, we have no record of when the secretary, in fact, received the notices of the four convictions in appellant's record or whether the secretary had on hand the notice of the conviction of February 16, 1968, when the first 60-day suspension was made. We might note that we have corrected the record to have the conviction listed as October 17, 1967, read October 17, 1968, to conform to the actual notice of conviction in the record. Appellant contends what the secretary, in fact, did was to suspend for 60 days with a point accumulation of 19 points and then, after crediting eight points, suspended again, on a second suspension, when the credit did not take appellant below 11 points. It is appellant's argument that this result was colored as of right by merely placing the conviction of February 2, 1968, after the credit for suspension in listing the sequence of points even though the conviction resulting in first suspension occurred some eight months after that resulting in the second suspension.

There is no doubt that the suspension would have been proper had the allocation of points making up the first suspension been the violation of February 2, 1968, and the second suspension allocated to the October 17, 1968, violation. We subscribe to the reasoning of President Judge Gawthrop of this court in Commonwealth v. Nieves in his opinion of July 29, 1969, in which he points out that in providing that points *must* be allocated as of *the date of suspension,* the legislature certainly did not intend to create an avoidance of suspensions or a limitation on the right to suspend by a late receipt of notice or late date of actual assignment by the secretary. Here, as in the Nieves case, had the points been allocated in fact on the very date of conviction and suspensions in-

voked immediately, the exact same result would occur as here, namely, a 60-day suspension and a 90-day suspension. As a practical matter, justices do not and cannot forward conviction notices immediately to be received the same day as the conviction nor can the secretary's office have such a vast staff of personnel as to immediately post points on each driver's record even as received. The points must be, in fact, listed on the record of an operator often at a much later date than conviction, and suspensions are then computed according to the point standing as though listed on the actual date of conviction. This, the secretary did. Under the point system allocated as of the date of convictions, appellant's license was properly suspended for 60 days as a first suspension and for 90 days as a second suspension, and appellant cannot be heard to complain because they happened to occur relatively close together.

Thus, were the secretary to receive a notice today of a conviction of appellant for a violation occurring on May 20, 1969, under appellant's argument, there could be no further suspension for that violation, as it would have to be assigned as of May 20, 1969, prior to the current suspension and be wiped out by the reduction of points when the current suspension has been served. We do not discern such to be the legislative intent and will not read it into the statute. If the legislature desires to limit the time within which notices must be given the secretary and/or noted by him on the operator's record and acted upon, they have the power to so determine. To date, they have not done so. We note in passing that, unless this appellant alters his driving habits, four speeding convictions in one year, his prospects for a license in the future appear rather dim indeed.

Wherefore, August 28, 1969, the appeal of John Sorber is dismissed and the suspension affirmed with direction that the operator's license be surrendered forthwith.